# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

LAMONT FITCH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 18-3363 (MAS)

**MEMORANDUM AND ORDER**

*Pro se* Petitioner Lamont Fitch, a convicted prisoner confined at USP Beaumont in Beaumont, Texas, filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"), challenging a sentence imposed by the Honorable Garrett E. Brown in *United States v. Fitch*, No. 98-cr-0179, ECF No. 87 (D.N.J. entered Mar. 25, 1999), for armed robbery and related offenses. Judge Brown has since retired, and Petitioner's criminal docket has been reassigned to the Undersigned.

Petitioner previously filed a § 2255 motion in *Fitch v. United States*, No. 10-4619 (D.N.J. filed Sept. 10, 2010), which Judge Brown denied as time-barred. (*See id.* at ECF No. 2.) Petitioner filed the instant Motion in that docket, which the Clerk construed as a second § 2255 motion and refiled under this new docket. Petitioner, however, categorizes the Motion as a Rule 60(b) motion. (ECF No. 1 at 1.)

Regardless of Petitioner's characterization, the instant Motion is considered a second § 2255 motion. A motion for relief from judgment under Rule 60(b), which seeks to advance one or more substantive claims following denial of habeas, is properly classified as a "second or successive habeas petition." *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005); *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011). This Court, however, has no jurisdiction over the Motion. Title

28, Section 2255(h) of the United States Code states that "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]" Before a district court can entertain such a motion, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3); *see also* Rules Governing § 2255 Cases, Rule 9. "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Brand v. New Jersey*, No. 15-3206, 2015 WL 2353123, at *2 (D.N.J. May 14, 2015) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

Here, Petitioner admits in the Motion that he previously filed a § 2255 motion (ECF No. 1 at 1), which is consistent with the record. Petitioner, however, failed to demonstrate that the Third Circuit granted him permission to file the instant Motion. As such, the Court dismisses the Motion for lack of jurisdiction.[1]

**IT IS**, therefore, on this 24th day of April, 2018,

**ORDERED** that the Motion is hereby **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court does not transfer the matter to the Third Circuit for disposition because Petitioner essentially challenges Judge Brown's ruling that his first petition, filed almost ten years after his judgment of conviction became final, was untimely. Given that the statute of limitations for § 2255 motions is one year (*see* 28 U.S.C. § 2255(f)), it is difficult to conclude that Petitioner has any plausible basis to challenge Judge Brown's ruling.